UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DANIEL ASDOT,

    Plaintiff,

vs.

NEW RIVER HOSPITALITY HOLDINGS, LLC,
a Limited Liability Company, and
RANDY WILCOX, an Individual,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff, DANIEL ASDOT, by and through her undersigned counsel, and sues the Defendants, NEW RIVER HOSPITALITY HOLDINGS, LLC (hereinafter, referred to as "NEW RIVER"), and RANDY WILCOX, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.. The gravamen of this case is that the Plaintiff was retaliated against for pursuing his rights under the FLSA in violation of Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district,

1

*sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" <u>Obregon v. Jep Family Enterprises, Inc.</u>, 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); <u>see</u> <u>Wirtz v. Ross Packaging Co.</u>, 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6. That at all times material hereto, Defendant, RANDY WILCOX individually, acted directly in the interests of his employer, the Defendant, NEW RIVER, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, NEW RIVER.

7. Plaintiff began working for the Defendants in July, 2015, as a Driver.

8. On or about June of 2016, and while still employed with the Defendants, Plaintiff pursued overtime claims with the Defendants that resulted in a pre-suit settlement being reached on August 10, 2016.

9. In response, Defendants reduced all of the hours Plaintiff had previously been scheduled to work (above 40), and took away all overtime hours. Thus, his new schedule only consisted of 40 hours or less.

10. Notably, other employees continued to work more 40 hours a week for the Defendants, excluding the Plaintiff.

11. This change in schedule, and the resulting reduction in pay that the Plaintiff received, was

directly in response to the Plaintiff's claims for unpaid overtime.

12. This is clearly a violation of the FLSA anti-retaliation, which occurred for approximately five months between August and December of 2016.

13. The Plaintiff lost approximately 10 hours a week of what would have been overtime pay.

14. Based upon these calculations, the Plaintiff lost anywhere between $1,500 to $2,000 in just wages alone.

15. While this retaliation did not result in a direct termination of employment, Plaintiff suffered a loss in wages that was a direct result from his complaints of the Defendants' failure to pay overtime compensation.

16. There is no question that the Defendants retaliated against the Plaintiff for his complaints.

## COUNT I
## FLSA RETALIATION-NEW RIVER

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

17. The Defendant, NEW RIVER's barring of the Plaintiff from working overtime was directly, and undisputedly, in retaliation for his complaints of FLSA violations.

18. The Defendant, NEW RIVER denied the Plaintiff overtime hours for him lawfully having engaged in statutorily protected activity.

19. The Defendant, NEW RIVER's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, DANIEL ASDOT, demands judgment against the Defendant, NEW RIVER, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA RETALIATION-RANDY WILCOX

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

20. The Defendant, RANDY WILCOX's barring of the Plaintiff from working overtime was directly, and undisputedly, in retaliation for his complaints of FLSA violations.

21. The Defendant, RANDY WILCOX denied the Plaintiff overtime hours for him lawfully having engaged in statutorily protected activity.

22. The Defendant, RANDY WILCOX's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, DANIEL ASDOT, demands judgment against the Defendant, RANDY WILCOX, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, DANIEL ASDOT, demands trial by jury.

Dated: April 27, 2017.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　Law Offices of Levy & Levy, P.A.
　　　　　　　　　　　　　　　　　　1000 Sawgrass Corporate Parkway
　　　　　　　　　　　　　　　　　　South Pointe I, Suite 588
　　　　　　　　　　　　　　　　　　Sunrise, Florida  33323
　　　　　　　　　　　　　　　　　　Telephone: (954) 763-5722
　　　　　　　　　　　　　　　　　　Facsimile: (954) 763-5723
　　　　　　　　　　　　　　　　　　Email: chad@levylevylaw.com
　　　　　　　　　　　　　　　　　　Service Email: assistant@levylevylaw.com
　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　*/s/ Chad Levy*
　　　　　　　　　　　　　　　　　　CHAD E. LEVY, ESQ.
　　　　　　　　　　　　　　　　　　F.B.N.: 0851701